UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIBORIO CANALES, JR., et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>UNIVERSITY OF PHOENIX, INC., )<br>)<br>    Defendant. ) | 2:11-cv-00181-JAW |

**ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER
AND DENYING MOTION FOR SANCTIONS**

Concluding that there is less than meets the eye regarding the pending controversies in this two-plaintiff employment discrimination case, the Court grants an employer's motion to amend the scheduling order to allow it to serve a separate set of no more than twenty-five interrogatories on each plaintiff. The Court also denies a motion for sanctions against defense counsel.

**I.    STATEMENT OF FACTS**

   **A.    Background for the Discovery Dispute**

On May 2, 2011, Liborio Canales, Jr., Joe M. Fears, and Deborah M. Carr filed a complaint against the University of Phoenix (Phoenix). *Compl.* (Docket # 1). On September 28, 2011, Phoenix filed a motion to compel arbitration and a motion to either dismiss or stay the proceedings. *Defs.' Mot. to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings as to the Claims of Pls. Canales and Fears* (Docket # 11). On January 4, 2012, the Magistrate Judge recommended that

Phoenix's motion to compel arbitration be granted. *Recommended Decision* (Docket # 21). The Plaintiffs filed an objection to the Recommended Decision on January 18, 2012. *Pls.' Objections to Magistrate Judge's Proposed Findings and Recommended Decision as to Def.'s Mot. to Compel Arbitration and Dismiss Claims of Canales and Fears* (Docket # 22).

On February 13, 2012, the Court issued an order, requiring Joe M. Fears to notify the Court of his continued participation by February 29, 2012 or be subject to dismissal. *Order Regarding Pl. Joe M. Fears* (Docket # 26). When Mr. Fears failed to respond by the deadline, the Court dismissed him without prejudice as a party plaintiff. *Order* (Docket # 28). On April 5, 2012, the Court issued an order, rejecting the Magistrate Judge's Recommended Decision, effectively leaving only Ms. Carr and Mr. Canales as plaintiffs. *Order Rejecting the Recommended Decision of the Magistrate Judge* (Docket # 32).

Meanwhile, on January 17, 2012, Phoenix had served a set of twenty-six interrogatories on Deborah Carr alone.[1] *Def.'s Mot. to Am. Scheduling Order* at 1 (Docket # 35) (*Def.'s Mot.*). On March 23, 2012, the Magistrate Judge held a telephone conference of counsel in which Deborah Carr, who is licensed to practice as an attorney in the District of Maine, proposed to file a motion to revoke defense

---

[1] Although Phoenix served Ms. Carr with twenty-six interrogatories, it appears she responded only to the first twenty-five, pointing out to Phoenix that, in the absence of a scheduling order, the additional interrogatory violated Federal Rule of Civil Procedure 33(a)(1), which limits interrogatories to twenty-five per party. *Pls.' Opp'n to Def.'s Mot. to Amend Scheduling Order* at 2 (Docket # 36-37). The Court's Scheduling Order allowed Phoenix to serve "no more than 30 interrogatories per opposing side." *Scheduling Order* at 1 (Docket # 33). However, Phoenix, in its motion to amend the scheduling order, asks to be allowed to propound twenty-five interrogatories on each Plaintiff so the Court assumes that the issue with the unanswered interrogatory must have been resolved. *Def.'s Mot.* at 1.

2

lawyer Kevin Duddleston's *pro hac vice* admission. *Report of Telephone Conf. and Order* at 2 (Docket # 30). The Magistrate Judge counseled restraint and emphasized the need for professional courtesy. *Id.*

On April 6, 2012, the Court issued a standard Scheduling Order, which provided for not more than thirty interrogatories per opposing side. *Scheduling Order* at 1 (Docket # 33). The Order allowed the parties to object to its contents and on April 13, 2012, Phoenix moved to amend the Scheduling Order, observing that it had already served twenty-six interrogatories—leaving only four for Mr. Canales. *Def.'s Mot.* at 1. In its motion, Phoenix urges the Court to view Ms. Carr's and Mr. Canales's allegations as two distinct actions for purposes of discovery and to allow Phoenix to serve up to twenty-five interrogatories on each plaintiff. *Id.* at 2.

On April 15, 2012, the Plaintiffs objected to Phoenix's motion. *Pls.' Opp'n to Def.'s Mot. to Amend Scheduling Order* (Docket # 36-37) (*Pls.' Opp'n*). The Plaintiffs contend that there is "only one action for age discrimination against Defendant which arose under questions of law and fact common to all Plaintiffs," that Phoenix should have waited for the Recommended Decision to be resolved and the Scheduling Order to be issued before serving interrogatories on Ms. Carr, and that they see no reason to change the Scheduling Order. *Id.* at 2-5. They further point out that Phoenix offered to forego discovery and mediate Mr. Canales's claim if he agreed to transfer his case to California and they challenge Phoenix to explain why discovery is needed only if the case remains in Maine. *Id.* at 5.

On April 16, 2012, Phoenix replied. *Def.'s Reply to Pls.' Opp'n to Def.'s Mot. to Amend Scheduling Order* (Docket # 38) (*Def.'s Reply*). Phoenix disputes that the claim is only one action. *Id.* at 2. Instead, it says that the Plaintiffs "jointly filed this litigation to bring *individual* age discrimination claims against Defendant which arose from Plaintiffs' distinct employment experiences with Defendant." *Id.* (emphasis in original). Phoenix observes that there are significant factual differences between the two Plaintiffs, including the fact that they began employment with Phoenix almost three years apart, that they taught different courses at different campuses throughout Europe, that they interacted with different managers, faculty and students, that they cannot speak to each other's experiences, and that they departed Europe under markedly different circumstances. *Id.* Phoenix dismisses as unavailing and irrelevant the Plaintiffs' argument about what it may have offered Mr. Canales in exchange for consent to a change in venue. *Id.* at 3. On April 19, 2012, Phoenix filed its objection to the Scheduling Order. *Def.'s Objection to Scheduling [] Order* (Docket # 42).

**B.    Background for the Sanctions Demand**

The three Plaintiffs signed the original Complaint in this case in their own names. *Compl.* at 6. The Complaint also noted that Ms. Carr and Mr. Canales, but not Mr. Fears, were attorneys. *Id.* It did not identify the jurisdiction where Mr. Canales was licensed to practice law, but it represented that Ms. Carr was licensed to practice in the state of Maine. *Id.* When the Plaintiffs objected to Phoenix's motion to compel arbitration, the accompanying memorandum was electronically

4

signed by each Plaintiff but the certificate of service was signed only by Ms. Carr acting on behalf of each Plaintiff. *Pls.' Opp'n to Def.'s Mot. to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings as to the Claims of Pls. Canales and Fears Incorporated with Pls.' Mot. for the Ct. to Make a Determination of Foreign Law Pursuant to F.R. Civ. P. 44.1* (Docket # 15) Attach. 1 *Pl.'s Mem. of Law in Support of Opp'n to Def.'s Mot. to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings as to the Claims of Pls. Canales and Fears Incorporated with Pls.' Mot. for the Ct. to Make a Determination of Foreign Law Pursuant to F.R. Civ. P. 44.1* at 20. Even though Phoenix had moved to compel arbitration for Messrs. Canales and Fears only and not for Ms. Carr, all three Plaintiffs objected to the Recommended Decision. *Pls.' Objections and Mem. of Law with Regard to Magistrate Judge's Proposed Findings and Recommended Decision as to Def.'s Mot. to Compel Arbitration and Dismiss Claims of Canales and Fears* at 12-13 (Docket # 22). This time each Plaintiff slash-signed both the document and the certificate of service. *Id.*

At a telephone conference on February 13, 2012, Phoenix questioned whether the individual Plaintiffs were representing themselves or whether they were being represented by Ms. Carr. Ms. Carr denied representing the other two Plaintiffs and Mr. Canales reiterated that he is a licensed attorney. Following the conference, the Court ordered that "[a]ll plaintiffs acting pro se are to file pleadings with the Court for themselves only." *Minute Entry* (Docket # 25). After the dismissal of Mr. Fears, the two remaining Plaintiffs—both attorneys—represented themselves.

When Ms. Carr and Mr. Canales filed their opposition to Phoenix's motion to amend the scheduling order, they filed the same document twice—once as Ms. Carr's filing and once as Mr. Canales's filing. *Pls.' Opp'n*. Phoenix noticed that the two Plaintiffs' filings were identical and in its reply asserts that Ms. Carr "electronically placed Canales' conformed signature on the pleading, along with her own," and that the next day, Mr. Canales, "perhaps in an attempt to correct or otherwise obscure Carr's earlier clear contravention of the Court's Order, had filed an ***identical*** Opposition with ***only*** Canales' conformed signature included." *Def.'s Reply* at 1 (emphasis in original). Claiming that Ms. Carr "blatantly disregards both the rules and this Court's recent Order by electronically signing and submitting the Opposition on Plaintiff Canales' behalf," Phoenix asks the Court to "disregard Plaintiffs' Opposition and grant Defendant's Motion." *Id.* at 2.

Ms. Carr responded by filing a motion for sanctions against defense attorney Sarah E. Green, the author of Phoenix's motion to amend the scheduling order. *Pl. Deborah M. Carr'[s] Mot. for Sanctions Against Att'y Sarah E. Green* (Docket # 39). She explains that Mr. Canales, who was not then registered as an electronic filer, emailed the Clerk's Office, attaching his opposition as a .pdf document to the email, on Sunday, April 15, 2012 at 9:49 p.m., and that Ms. Carr, a registered electronic filer, electronically filed her opposition at 10:42 p.m. the same day. *Id.* at 1; *id.* Attachs. 1, 2. According to Ms. Carr, Mr. Canales's opposition was not docketed by the Clerk's Office until the next day because his filing required manual uploading. *Id.* at 2. Ms. Carr says that Ms. Green's "allegations of any impropriety in

6

Plaintiffs' filings are baseless and that she made no effort to investigate these allegations per the requirements of Rule 11 prior to filing Defendant's Reply." *Id.* at 2-3. She requests sanctions for "Attorney's Green's vicious attack." *Id.* at 3. Ms. Carr demands that Attorney Green or her firm be fined or that she be reprimanded. *Id.* at 5.

Phoenix quickly responded, opposing Ms. Carr's motion for sanctions. *Def.'s Opp'n to Pl. Deborah M. Carr's Mot. for Sanctions Against Att'y Sarah E. Green* (Docket # 40) (*Def.'s Opp'n*). It urges the Court to dismiss the motion for Ms. Carr's failure to comply with Rule 11 by providing the Defendant with proper notice of the motion. *Id.* at 1. Phoenix further notes that the motion is "baseless" and that nothing Attorney Green had done would warrant Rule 11 sanctions. *Id.* at 2. Specifically, it reiterates that the Court had instructed Ms. Carr to sign and file documents for herself only, that in her filed opposition she had included Mr. Canales's signature, and that Ms. Green's suggestion that this conduct violated the Court's order "cannot serve as a valid basis for a Motion for Sanctions." *Id.* It asks the Court to deny Ms. Carr's motion. *Id.*

Ms. Carr filed her reply on April 18, 2012. *Pl. Deborah M. Carr's Reply to Def.'s Opp'n to Pl. Deborah M. Carr's Mot. for Sanctions Against Att'y Sarah E. Green* (Docket # 41) (*Pl.'s Reply*). In it, she claims that complying with the notice requirements of Rule 11 would have "unduly prejudiced" the Plaintiffs because she had no other way to respond to "Attorney Green's false allegations raised in her Reply Memorandum." *Id.* at 2-4. She accuses Attorney Green of exhibiting a

7

"complete willingness to deliberately misinform the Court," of having "a total disregard for the truth," and of trying to defend "her dishonesty and lack of candor before this tribunal." *Id.* at 2-3. Attorney Carr maintains that filing the motion for sanctions was her only means of obtaining the "just, speedy, and inexpensive determination" of her action contemplated by the Federal Rules. *Id.* at 1-2 (citing FED. R. CIV. P. 1).

## II. DISCUSSION

### A. Interrogatories

The Court grants Phoenix's motion to amend the scheduling order as requested. The Court agrees with Phoenix that the way this case is now structured, it is two separate causes of action with a similar central theme. It makes no sense from the Court's perspective to allow Phoenix to discover the facts in only Ms. Carr's case and prevent Phoenix from discovering the facts underlying Mr. Canales's case. Knowledge of the specifics of Mr. Canales's and Ms. Carr's individual claims will allow Phoenix to properly assess the merits of the claims, to determine their settlement value, if any, and to adequately prepare for trial, if necessary.

Furthermore, as a practical matter, unless the facts in the case appear unusual, the Court typically issues a standard Scheduling Order and leaves it to the parties to object in the event the standard order does not fit the case. Here, neither Phoenix nor for that matter either Plaintiff was required to accept the Scheduling Order as initially docketed, which is why the Order allowed the parties to object and

to propose a different discovery plan. *Scheduling Order* at 1. That is what Phoenix elected to do and the Court approves its request.

### B. Sanctions

The Court denies Attorney Carr's motion to impose sanctions against Attorney Green. Fortunately, as the Court earlier noted, there is much less to this controversy than meets the eye, and the fault—to the extent it matters—lies among all the parties.

First, when Attorney Carr filed her opposition to the motion, she listed both herself and Mr. Canales as objectors. Technically, to comply with the February 13, 2012 Court Order, she should have just signed and filed the motion for herself and not for Attorney Canales. The Order required the *pro se* Plaintiffs "to file pleadings with the Court for themselves only." *Minute Entry* (Docket # 25).

Second, as a party representing himself in this case, Attorney Canales should have registered for electronic filing long before April 16, 2012. A failure to register to make electronic filings would be more understandable for a non-attorney, but Mr. Canales is a lawyer and should have been aware of or learned about the filing requirements of the District of Maine and complied with them. Instead, he elected not to register electronically and sent his opposition as an email attachment for the Clerk's Office to upload, which unnecessarily delayed docketing.

Third, when Attorney Canales filed his opposition he included Ms. Carr's name as well as his own, a technical violation of the February 13, 2012 Order.

Fourth, when Attorney Green noticed the technical violations and the docket sequencing, she assumed incorrectly that the sequencing accurately reflected the times of receipt. In this unusual case, it did not.

Fifth, Attorney Green shot the first volley by demanding the Court sanction Attorney Carr for a technical violation of the February 13, 2012 Order on a factual basis that turned out to be in error. *Def.'s Reply* at 1-2.

Sixth, Attorney Carr overreacted by filing a Rule 11 motion for sanctions and using over-the-top language against Attorney Green. *Pl.'s Mot.* at 3-5. When Attorney Green responded by characterizing the sanctions motion as "baseless," *Def.'s Opp'n* at 2, Attorney Carr turned up the adjectival heat, forcefully and repeatedly accusing Attorney Green of dishonesty. *Pl.'s Reply* at 2-3.

The Court views all of this as most unfortunate and unnecessary but nothing that merits any more judicial attention than it has already received. The Court maintains a decided preference for resolving cases on their merits, rather than umpiring lawyer's disputes, which can become an endless sideshow to the main event. The Court does not view Attorney Green's motion as justifying the intense rhetoric that Attorney Carr unleashed.

In any event, it seems the issues that precipitated these charges and countercharges have been resolved. Mr. Canales has now properly registered with the Court and can make his own filings for himself. To be clear, however, the Plaintiffs have told the Court that he and she are individually acting *pro se* in this case and the Court holds each of them to that representation. Although each

10

Plaintiff is an attorney, neither is representing the other. Accordingly, each pleading must be filed only in the name of the filing Plaintiff, not in the name of the other Plaintiff.

Finally, the Court urges counsel, particularly Attorney Carr, to calm down and reiterates to all counsel the Magistrate Judge's admonition to act professionally and with courtesy toward each other. The Court understands that as private litigants representing themselves, Attorneys Carr and Canales have an emotional stake in the outcome, but these spats are not making a good impression with the Court.

### III.   CONCLUSION

The Court GRANTS the Defendant's Motion to Amend Scheduling Order (Docket # 35) and allows Defendant to pose no more than twenty-five interrogatories for response by Plaintiff Liborio Canales, Jr., DISMISSES as moot the Defendant's Objection to the Scheduling Order (Docket # 42), and DENIES Plaintiff Deborah M. Carr's Motion for Sanctions Against Attorney Sarah E. Green (Docket # 39).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2012