UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LIBORIO CANALES, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00181-JAW |
| | ) | |
| UNIVERSITY OF PHOENIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Having soundly slept on his case, a *pro se* Plaintiff awakens seven weeks late to ask the Court to reconsider its dismissal. The Court declines.

**I.   STATEMENT OF FACTS**

   **A.   The Court Dismisses Joe M. Fears's Complaint**

On May 2, 2011, Joe M. Fears, along with Liborio Canales, Jr. and Deborah M. Carr, former employees of the University of Phoenix, Inc. (Phoenix), filed a lawsuit in this Court against Phoenix, alleging that Phoenix had discriminated against them due to their age. *Compl.* (ECF No. 1). The Complaint alleged that Mr. Fears "was at all times mentioned and still is a resident of Naples, Italy, with a mailing address of P.S.C. Box 1033, FPO AE 09622." *Id.* ¶ 2. The Plaintiffs alleged that they were bringing the action "*pro se* while currently seeking counsel," *id.* ¶ 4, so Mr. Fears, like each of the other Plaintiffs, represented himself.

On February 13, 2012, the Court held a telephone conference at Phoenix's request. Ms. Carr, Mr. Canales, and counsel for Phoenix participated in the

1

conference; Mr. Fears did not. Attorney Sarah E. Green, who represents Phoenix, requested the conference because on January 18, 2012, Mr. Fears had emailed her as follows:

> As I stated before I am no longer a part [of] this complaint. I was very up front with both Debra and Mr. Canales. It is not my desire to pursue this matter. Although[] things were not handled right I am willing to move on. My heart's desire was to be heard. At this time I would simply ask an opportunity to teach again for UOP.

*Def.'s Opp'n to Mot. for Recons. of Order Dismissing Joe M. Fears Without Prejudice* (ECF No. 46) (*Def.'s Opp'n*) Attach. 2, *Email exchange between Attorney Green and Joe M. Fears (Jan. 13, 2012 – Jan. 30, 2012)*.

Following the February 13, 2012 telephone conference, the Court ordered Mr. Fears "to communicate with the Court no later than February 29, 2012 as to whether he wishes to pursue this litigation or whether he requests that the Court dismiss him as a party Plaintiff," and cautioned that failing to communicate with the Court would result in dismissal. *Order Regarding Pl. Joe M. Fears* at 2 (ECF No. 26). Mr. Fears did not respond by February 29, 2012; nevertheless, the Court waited until March 6, 2012 before dismissing him without prejudice from the lawsuit. *Order Dismissing Without Prejudice Joe M. Fears* (ECF No. 28).

  B.  **Joe M. Fears Moves for Reconsideration**

On May 7, 2012, Mr. Fears moved for reconsideration of the dismissal order. *Aff. of Joe M. Fears* (ECF No. 45) (*Fears's Mot.*). Mr. Fears offers the following explanations for why he failed to respond to the Court Order:

  1) Even though he represented himself in the case, "we all agreed that Debra [Carr] would send in our court papers with our electronic

    signatures to save time since she was in Maine. We did not wish to miss a due date because of our different locations and time zones." *Id.* at 1;

2) He received a letter from the District of Maine "in the middle of March, 2012, telling me to communicate to the court by February 29, 2012 if I planned to continue in the case." *Id.*;

3) "Since I received the letter after the February 29, 2012 due date, I did not communicate to the court. I did not understand why I would receive a letter telling me to do something that was not possible." *Id.*

4) He was "confused about the status of the case. I thought that I was already dismissed from the case and that we had lost the appeal." *Id.*

5) He had confusing conversations and emails with the two other Plaintiffs and with defense counsel. *Id.* at 1-2;

6) "Since the first of the year I have had much turmoil in my family life, coupled with the sudden news that the military was cutting back in Europe and my job was being eliminated." *Id.* at 2. This turmoil included the fact that his son who is on active duty in the Air Force in Florida was "critically injured with damage to his brain and a broken neck, and it was questionable whether he would live or die" and his adopted daughter in the United States was "having difficulties and talking up much of my time as well." *Id.*

7) The combination of his family problems and losing his job has caused him to become "sleep deprived and not focused in reading all emails or returning phone calls." *Id.*

Mr. Fears now understands that "the appeal was on hold for almost three months and the case was actually still going on." *Id.* He asks for an extension until June 1, 2012 "to make sure that the court receives my letter, unless the court accepts this affidavit in its place." *Id.* He promises to "do everything I can to get it to the court as soon as possible, but right now I am relying on the U.S. Navy mail service and it can be very slow." *Id.* Although Mr. Fears apologizes, he concludes

3

that "in all honesty it was unreasonable to expect me to reply to a letter that I received after my reply was already past due." *Id.*

### C.  Phoenix Objects

Phoenix objects to Mr. Fears's motion for reconsideration. *Def.'s Opp'n to Mot. for Recon. of Order Dismissing Joe M. Fears Without Prejudice* (ECF No. 46) (*Def.'s Opp'n*). First, Phoenix says that the motion itself is untimely under Local Rule 7(g). *Id.* at 1. Second, Phoenix expresses skepticism about whether Mr. Fears did not, in fact, receive notice of the Court's February 13, 2012 Order until mid-March 2012. *Id.* at 2. Third, Phoenix maintains that even if Mr. Fears received the Order in mid-March, he still waited "**almost two months** after such receipt to file the instant Motion." *Id.* (emphasis in original). Fourth, Phoenix observes that if the Court maintains its dismissal, Mr. Fears would still have the right to proceed in a new civil action because the dismissal was without prejudice. *Id.* Fifth, Phoenix claims that in any event, the District of Maine is not the appropriate venue for Mr. Fears's case because Mr. Fears is not a Maine resident and Phoenix is not a Maine-based business. *Id.* at 2-3. Sixth, Phoenix argues that none of the witnesses—with the possible exception of Ms. Carr—resides or works in Maine and none of the documentary evidence is in Maine. *Id.*

Phoenix attached to its response an email dated February 7, 2012 from Mr. Fears to Sarah Green, who represents Phoenix, responding to her email notice dated February 7, 2012 about the scheduling of the telephone conference of February 13, 2012 and asking whether he was obligated to attend. *Id.* Attach. 1

4

(*Email from Joe Fears to Sarah Green (Feb. 7, 2012)*).  Phoenix also attached an email string between Mr. Fears and Attorney Green reflecting ongoing email correspondence in January 2012 and including the January 18, 2012 email from Mr. Fears that read in part: "I am no longer a part [of] this complaint" and it is "not my desire to pursue this matter."  *Id.*  Attach. 2 *Email exchange between Attorney Green and Joe M. Fears (Jan. 13, 2012 – Jan. 30, 2012).*  Finally, Phoenix attached a copy of an email dated April 17, 2012 from Liborio Canales to Kevin M. Duddlesten, counsel for Phoenix, asking him whether Phoenix would oppose "our motion" to reconsider the February 13, 2012 Order regarding Joe M. Fears "where we ask the Court to extend Mr. Fear[s]'s time to communicate to the Court to June 1, 2012."  *Id.* Attach. 3 (*Email from Liborio Canales to Kevin M. Duddlesten (Apr. 17, 2012)*).

### D. Joe M. Fears Replies[1]

In his May 24, 2012 reply, Mr. Fears explains that the reason he had failed to act sooner was that he was "very confused as to my status in the case regarding

---

[1] Deborah Carr and Liborio Canales, the two remaining plaintiffs, filed replies to Phoenix's response to Mr. Fears's motion for reconsideration. *Pl. Deborah M. Carr's Reply to Def.'s Opp'n to Mot. for Recons. of Order Dismissing Joe M. Fears* (ECF No. 49); *Pl. Canales' Reply to Def.'s Opp'n to Mot. for Recons. of Order Dismissing Joe M. Fears Without Prejudice* (ECF No. 50).  On May 29, 2012, Phoenix moved to strike their reply memoranda.  *Def.'s Mot. to Strike Pls. Deborah M. Carr and Liborio Canales, Jr.'s Replies to Def.'s Opp'n to Mot. for Recons. of Order Dismissing Joe M. Fears* (ECF No. 51).  Ms. Carr and Mr. Canales responded, *Pls.' Opp'n to Def.'s Mot. to Strike Their Replies to Def.'s Opp'n to Mot. for Recons. of Order Dismissing Joe M. Fears* (ECF No. 52, ECF No. 54), and Phoenix replied.  *Def.'s Reply to Pls.' Opp'n to its Mot. to Strike* (ECF No. 53).

The Court GRANTS Phoenix's motion to strike.  First, although Ms. Carr and Mr. Canales are both attorneys, neither has entered an appearance on behalf of Mr. Fears and neither is authorized to file a reply on his behalf.  *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel" (citing 28 U.S.C. § 1654)). As Mr. Fears's dismissal does not affect Ms. Carr's and Mr. Canales's substantive rights, neither has the authority to file for relief for themselves.  Accordingly, they cannot speak to the merits of the motion either on behalf of Mr. Fears or on their own behalf.

Furthermore, under the local rules, the right to file a reply memorandum is limited to the movant.  D. ME. LOC. R. 7(c) ("[T]he moving party may file a reply memorandum").

whether I was in or out, or my ability to request reinstatement and the reasons as to why I was so confused." *Reply Aff. of Joe M. Fears* at 1 (ECF No. 48) (*Fears's Reply*). Mr. Fears first contends that the time limit under Local Rule 7(g) for a motion for reconsideration should not apply to him because he was no longer in the case. *Id*. Mr. Fears further says that his desire not to be part of the case was in fact a desire not to be a part of a National Labor Relations Board matter, which he had misunderstood from Mr. Canales, was the next step in the process. *Id*. at 2. He then explains that he "had just received notification . . . that [his] job was eliminated." *Id*. at 3. He admits that he had received "a few emails from Lee Canales in February but did not take the time to read them because I was extremely busy and assumed they were social in nature since the case was over with." *Id*. Furthermore, Mr. Fears says that he had changed his telephone number and had not notified either Ms. Carr or Mr. Canales. *Id*. at 3-4.

Finally, Mr. Fears argues that he has the right to remain a party Plaintiff in the District of Maine because Ms. Carr is a Maine resident and had the right to file here, and Mr. Fears and Mr. Canales, who "are part of this same case," therefore "have a right to be heard along with her in the Maine federal court." *Id*. at 6. He emphasizes that it would be inconvenient for him to fly to Phoenix, Arizona where the Defendant is located and it would be more convenient for him to resolve the case in Maine with Mr. Canales and Ms. Carr. *Id*. at 6-7.

### E. Further Background

The Plaintiffs served Phoenix with their age discrimination lawsuit on August 24, 2011, *Summons in a Civil Action* (ECF No. 6), and Phoenix requested additional time to answer the Complaint. *Def. the University of Phoenix, Inc. Mot. for Enlargement of Time to File an Answer to Pls.' Complaint*. (ECF No. 7). The Court granted a two-week extension and, on September 14. 2011, mailed copies of its order to Mr. Canales and Mr. Fears. *Order* (ECF No. 8). Phoenix answered the Complaint on September 28, 2012. *Def.'s Answers and Affirmative Defenses to Pls.' Compl.* (ECF No. 10).

On the same day, Phoenix moved to compel arbitration or dismiss. *Def.'s Mot. to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings as to the Claims of Pls. Canales and Fears* (ECF No. 11). On October 12, 2011, the Court received notice that its mailing to Mr. Fears was returned as undeliverable. *Envelope* (ECF No. 14). On October 19, 2011, the Plaintiffs filed a joint response with electronic signatures to Phoenix's motion. *Pls.' Opp'n to Def.'s Mot. to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings as to the Claims of Pls. Canales and Fears Incorporated with Pls.' Mot. for the Ct. to Make a Determination of Foreign Law Pursuant to F.R. Civ. P. 44.1* (ECF No. 15). On October 19, 2011, Mr. Fears filed a notice of change of address. *Notice of Change of Address* (ECF No. 16). On January 4, 2012, the Magistrate Judge issued her Recommended Decision, recommending that the Court grant the motion to compel arbitration as to Plaintiffs Canales and Fears. *Recommended Decision* (ECF No.

21). Mr. Canales and Mr. Fears objected to the Recommended Decision and on April 5, 2012, the Court issued an Order rejecting the Recommended Decision and declining to compel arbitration. *Order Rejecting the Recommended Decision of the Magistrate Judge* (ECF No. 32).

In the meantime, on February 7, 2012, the Court set a telephone conference for the following week, at the request of Phoenix, to discuss Mr. Fears's status. *Notice of Hearing* (ECF No. 24). The Court held the conference on February 13, 2012, and, although he had been duly noticed, Mr. Fears did not participate. *Minute Entry* (ECF No. 25). During the telephone conference, Attorney Duddlesten represented that Mr. Fears had indicated that he no longer wished to proceed with the litigation. Ms. Carr and, to a greater extent, Mr. Canales informed the Court that they were each in touch with Mr. Fears. Mr. Canales indicated, however, that he had recently been having some difficulty contacting Mr. Fears. The Court informed the conference participants that it would give Mr. Fears until February 29, 2012 to apprise the Court of his intent to proceed. Mr. Canales said he would email Mr. Fears and let him know about the need to respond.[2]

After confirming with Ms. Carr and Mr. Canales that they were in touch with Mr. Fears, the Court issued an Order dated February 13, 2012, requiring him "to communicate with the Court no later than February 29, 2012 as to whether he

---

[2] There was also some confusion at the conference as to whether Ms. Carr and Mr. Canales, who are attorneys, were representing Mr. Fears, who is not. The confusion arose, in part, from the Plaintiffs' electronic filing of slash-signed pleadings. *See Order Granting Mot. to Amend Scheduling Order and Denying Mot. for Sanctions* at 4-5 (ECF No. 43) (*April 19, 2012 Order*). In any event, during the telephone conversation, Ms. Carr and Mr. Canales each confirmed that neither was representing Mr. Fears and that he was acting purely on a *pro se* basis.

wishes to pursue this litigation or whether he requests that the Court dismiss him as a party Plaintiff." *Order Regarding Pl. Joe M. Fears* at 2 (ECF No. 26) (*Fears Order*). The Court expressly warned Mr. Fears that if it did not receive "such a written communication from Mr. Fears by midnight on February 29, 2012, the Court will DISMISS Joe M. Fears as party Plaintiff from this lawsuit without prejudice." *Id.* Mr. Fears did not respond by February 29, 2012; nevertheless, the Court tugged on the deadline and did not issue its Order dismissing him until March 6, 2012. *Order Dismissing Without Prejudice Joe M. Fears* (ECF No. 28).

As Mr. Fears's status was being resolved, the case proceeded without him. Phoenix served interrogatories on Ms. Carr on January 17, 2012. *See Def.'s Mot. to Amend Scheduling Order* at 1 (ECF No. 35). On April 6, 2012, the Court issued a standard Scheduling Order and on April 19, 2012, it issued an Amended Scheduling Order. *Scheduling Order* (ECF No. 33); *Order Granting Mot. to Amend Scheduling Order and Denying Mot. for Sanctions* at 4-5 (ECF No. 43) (*April 19, 2012 Order*).

## II. DISCUSSION

### A. Filing Agreement Among *Pro Se* Plaintiffs

Regarding Mr. Fears's assertion that the Plaintiffs all agreed that Ms. Carr could "send in our court papers with our electronic signatures to save time since she was in Maine," *Fears' Mot.* at 1, this agreement among *pro se* litigants was not sanctioned by the Court and was improper.

"The federal courts have consistently rejected attempts at third-party lay representation." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir.

1982). Instead, there are only two ways a party may litigate in federal court—"pro se or through legal counsel." *Id.*; 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). *Pro se* litigants "must themselves sign all papers filed in this court relative to their own case." *Herrera-Venegas*, 681 F.2d at 42; *see also United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989) (holding there is "a right to appointed counsel, and a corresponding right to proceed without counsel, but these are mutually exclusive. A defendant has no right to hybrid representation").

Therefore, a *pro se* party like Mr. Fears cannot, without the Court's permission, agree to allow another *pro se* party to make court filings for him because in doing so, the other party is effectively practicing law on behalf of Mr. Fears. This is particularly so in this case, where two of the Plaintiffs are attorneys and have disavowed any representation of Mr. Fears. When this issue arose at the February 13, 2012 telephone conference, the Court confirmed that the *pro se* parties would have to make their own filings. Mr. Fears failed to do so.

### B. Joe M. Fears's Late Notice of the February 13, 2012 Order

The Court rejects Mr. Fears' contention that he received the February 13, 2012 Order too late to respond. First, the Order was posted on the Court's docket, publicly available online, on February 13, 2012 and as a party Plaintiff, Mr. Fears had an ongoing obligation to keep abreast of developments in his case.

Second, the Court is deeply skeptical about Mr. Fears's claim that he could "not understand" why he would receive an Order telling him to do something by a date that had already passed. Mr. Fears elsewhere repeatedly complained about the slowness of regular mail between the United States and Italy. For him to claim confusion about an Order dated February 13, 2012 arriving at his address in Italy in mid-March is flatly contradicted by the contents of his own affidavit.

Third, assuming Mr. Fears received the February 13, 2012 Order in mid-March, 2012, he simply sat on the case for approximately seven weeks[3]—mid-March 2012 to May 7, 2012—before requesting the Court to reconsider its dismissal. Mr. Fears's contention that he thought he could not file a motion for reconsideration because he was no longer a party betrays an inexcusable misunderstanding of the law. "A *pro se* party is obligated to comply with procedural rules." *Samimi v. Tyco Healthcare/Ludlow/Kendall-Ludlow, Technical Prod., LTP*, 157 Fed. Appx. 319, 319 n.1 (1st Cir. 2005). Mr. Fears had every right to challenge that Order but he had to do so reasonably promptly, not wait seven weeks to take action. *See FDIC v. Anchor Properties,* 13 F.3d 27, 31 (1st Cir. 1994) (noting that the First Circuit has "consistently held" that a litigant's *pro se* status does not exempt him from complying with the Federal Rules of Civil Procedure or with a district court's

---

[3] Mr. Fears characterizes his response time of seven weeks as "just a little over one month" rather than "almost two months." *Fears's Reply* at 4. In his reply, Mr. Fears again attests that he received the February 13, 2012 Order in mid-March, did nothing until "late March" when he spoke with Ms. Carr, and then "started working on [his] first Affidavit." *Id*. He says he was not "able to finish the Affidavit" until April 24, 2012. *Id*. The Court acknowledges that Mr. Fears mailed his motion on April 24, 2012, over five weeks after his admitted receipt of the Order, but notes that, given Mr. Fears's repeated insistence of the slow passage of mail to and from his location in Naples, it should have come as no surprise that the Court did not receive his filing until May 7, 2012, seven weeks after he received the Order which would dismiss him.

11

procedural rules); *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) ("the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law").

### C. Joe M. Fears's Confusion

The Court turns to Mr. Fears's multiple assertions of confusion about the status of the case. While it is true that the law is occasionally intricate, the rulings in this case are hardly out of the ordinary and would be readily understood by most people, much less people who—like Mr. Fears—possess a graduate degree and have been full-time faculty members at a university.[4]

"[A]s a general rule, [courts] are solicitous of the obstacles that *pro se* litigants face" and "hold *pro se* pleadings to less demanding standards than those drafted by lawyers." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008). This concession, however, is subject to "reasonable limits." *See id.*; *Doe v. Solvay Pharm., Inc.*, 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004) (*pro se* litigant "must be held generally to the same standards as an attorney"). Mr. Fears elected to represent himself in this matter and the Court must generally hold him to the same standards as it would hold a party represented by an attorney.

### D. Joe M. Fears's Personal Circumstances and the Case's Progression Without Him

To explain his failure to take prompt action, Mr. Fears lists a number of unfortunate and trying circumstances, including the loss of his job in Europe, a

---

[4] In his Complaint, Mr. Fears represented that he holds a Master's Degree in Human Resources and that he worked for Phoenix as a member of its adjunct faculty in 2005 and as full-time faculty in 2007. *Compl.* ¶ 11.

critical brain and spinal cord injury suffered by his son while on active duty for the United States Air Force, transition issues between Italy and his future location of Virginia, difficulties faced by his adopted daughter who has learning disabilities and resides in the United States, and sleep deprivation. *See Fears's Mot.* at 2. The Court is, of course, sympathetic to Mr. Fears, especially about the tragic injury to his son. But Mr. Fears essentially went incommunicado for an extended time. He changed his phone number and failed to inform Ms. Carr, Mr. Canales, or the Court and he also stopped reading Mr. Canales's emails because he assumed they were social in nature.

A litigant—whether *pro se* or represented—may not file a lawsuit in federal court and simply walk away from it: fail to attend court conferences (even by telephone), fail to maintain contact with the Court or with fellow parties, fail to read emails, and fail to notify anyone when changing his telephone number. A lawsuit requires the active and intense engagement of the parties. The Court would not permit a lawyer to disappear from a case for weeks on end and will not condone Mr. Fears's doing so.

While Mr. Fears slept, the case moved along. The Court issued a Scheduling Order on April 6, 2012, establishing a number of deadlines that had already passed by May 7, 2012, when Mr. Fears filed his motion. *Scheduling Order* (ECF No. 33) (setting an April 20, 2012 deadline for conference of the parties and a May 4, 2012 deadline for initial disclosures). The Order allowed the parties to file objections by April 27, 2012. *Id.* at 1. The parties have begun some discovery. *See Def.'s Mot. to*

*Amend Scheduling Order* at 1 (ECF No. 35). To now allow Mr. Fears to reengage as a party Plaintiff, would require the Court to revisit each of its deadlines and reorder the flow of a case that has already proven contentious.

### E. The March 6, 2012 Order

The Court consciously dismissed Mr. Fears's claim without prejudice in order to preserve—to the extent possible—his ability, should he elect to do so, to reinitiate this claim. Rather than allow Mr. Fears to reappear in this case, the Court resolves that the better course of action is to maintain its dismissal of Mr. Fears's case without prejudice, essentially allowing him to start over in a court that has jurisdiction over his complaints against Phoenix.

## III. CONCLUSION

The Court DENIES Joe M. Fears' Motion for Reconsideration (ECF No. 45).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2012