UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LIBORIO CANALES, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:11-cv-00181-JAW |
| | ) | |
| UNIVERSITY OF PHOENIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO TRANSFER VENUE AS TO PLAINTIFF CANALES**

Because the Plaintiffs in this age discrimination case are proceeding against the same Defendant under the same legal theory, alleging similar actions that the same employees of the Defendant supposedly took against them during the same period of time in the same area of the Defendant's operations, the Court concludes that the Defendant's requested transfer of venue as to one of the Plaintiff's claims from the District of Maine to the District of Arizona would neither be for the convenience of the parties nor in the interest of justice under 28 U.S.C. § 1404(a).

**I.  STATEMENT OF FACTS**

   **A.  Procedural History**

On May 2, 2011, Liborio Canales, Jr., Joe M. Fears,[1] and Deborah M. Carr, former teachers at the University of Phoenix (Phoenix), filed suit in this Court

---

[1] On February 13, 2012, the Court held a telephone conference to discuss Mr. Fears's status as a Plaintiff; Mr. Fears failed to participate. The same day, the Court ordered Mr. Fears to notify the Court whether he intended to proceed with the case and on March 6, 2012, after Mr. Fears failed to do so, the Court dismissed his claim without prejudice. *Order Regarding Joe M. Fears* (ECF No. 26);

against Phoenix, claiming that it violated the Age Discrimination in Employment Act of 1969, 29 U.S.C. §§ 621-34, and the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-07, by discriminating against them because of their age. *Compl.* (ECF No. 1). On May 10, 2012, Phoenix moved to change venue for Mr. Canales's claim from the District of Maine to the District of Arizona. *Def.'s Mot. to Transfer Venue as to Pl. Canales* (ECF No. 47) (*Def.'s Mot.*). On May 31, 2012, Mr. Canales responded. *Pls.' Opp'n to Def.'s Mot. to Transfer Venue as to Pl. Canales* (ECF No. 56) (*Pls.' Opp'n*). Phoenix replied on June 13, 2012. *Def.'s Resp. to Pls.' Opp'n to Def.'s Mot. to Transfer Venue as to Pl. Canales* (ECF No. 57) (*Def.'s Reply*).

B.     The Parties' Positions

  1.     Phoenix's Motion

Phoenix says that the Court should sever Mr. Canales's case and transfer venue to Arizona, where it is headquartered. *Def.'s Mot.* at 1. It claims that the majority of party and non-party witnesses reside in Phoenix and the documentary evidence is located there. *Id.* at 1-2. Phoenix maintains that Mr. Canales's choice of forum, namely the District of Maine, is entitled to limited deference because he has "absolutely ***no relationship***" to the District of Maine. *Id.* at 4 (emphasis in original). Phoenix says that other than Ms. Carr, whose testimony it describes as of "dubious materiality," none of Mr. Canales's or Phoenix's witnesses resides in the state of Maine and none of the documentary evidence is located in Maine. *Id.* at 5. Of the ten potential witnesses Phoenix has identified for the defense, it claims that

---

*Order* (ECF No. 28). On June 20, 2012, the Court denied his motion for reconsideration of the dismissal. *Order on Mot. for Recons.* (ECF No. 58). Mr. Fears is no longer a Plaintiff.

none lives in Maine, four live in Arizona, four in Germany, one in England and one in Virginia. *Id.* at 5-6 (citing *Def.'s Mot.* Attach. 1, *Aff. of Con[s]tance Lynn* ¶ 4). Phoenix asserts that a transfer to Arizona would be more convenient for both Mr. Canales and itself because Mr. Canales's permanent (Benavides, Texas) and temporary (Baja, California) residences are closer to Arizona than Maine. *Id.* at 7; *Compl.* ¶ 1. Phoenix maintains that no documents relevant to Mr. Canales's claim are located in Maine and to the extent Phoenix stores records in paper as opposed to electronic form, those documents are in Arizona. *Id.* at 7-8. Finally, Phoenix stresses that "Maine has no interest in the outcome of Canales' litigation." *Id.* at 8. According to Phoenix, the facts in this case are "remarkably similar" to *Multibene Ingredients Oy, Ltd. v. Sturm Foods, Inc.*, 658 F. Supp. 2d 250 (D. Me. 2009), where this District transferred venue to the state where the defendant's corporate offices and manufacturing facilities were located. *Def.'s Mot.* at 8.

### 2. Liborio Canales's Opposition[2]

Mr. Canales responds that there is much more commonality between his and Ms. Carr's case than Phoenix allows. *Pls.' Opp'n* at 2. He says that when he and Ms. Carr were faculty members at Phoenix's European campus, they "had the same managers, taught at the same military bases in a rotational system, and took turns

---

[2] In a response identical to Mr. Canales's response, Deborah Carr also objected to Phoenix's motion. *Pls.' Opp'n to Def.'s Mot. to Transfer Venue as to Pl. Canales* (ECF No. 55). The Court has previously addressed this issue and reemphasizes that because Ms. Carr and Mr. Canales have repeatedly represented that they do not represent each other, they are not allowed to file documents on the other's behalf. *Order on Mot. for Recons.* at 5 n.1 (ECF No. 58). Here, the Court will not strike Ms. Carr's response because in footnote one of its motion, Phoenix suggests that the Court might wish to transfer her case to Arizona as well, *Def.'s Mot.* at 1, n.1, and therefore Ms. Carr is entitled to respond. However, the Court again observes that Attorney Carr is not authorized to file documents for Attorney Canales since each is self-represented.

teaching the same students, who took one class at a time in their programs." *Id.* (quoting *Pls.' Opp'n* Attach. 1 *Aff. of William Rainwater* ¶ 8). Mr. Canales claims that the Phoenix faculty in Europe all reported to Carol Sommers, that Ms. Sommers interacted with older faculty differently than she interacted with younger faculty, that neither he nor Ms. Carr was part of the Sommers "party crowd," and that it was clear that Ms. Sommers wanted only "young partiers" on her faculty team. *Id.* He also contends that Ms. Carr and he had many of the same students and that they were familiar with each other's work. *Id.* at 2-3. He says that organizational charts of Phoenix's European operation demonstrate that "they all reported to the same managers and were part of the same MBA program." *Id.* at 3.

Mr. Canales then addresses the traditional venue factors under 28 U.S.C. § 1404. First, he points out that there is a "strong presumption in favor of a plaintiff's choice of the litigating forum" and the burden to transfer venue rests with Phoenix. *Id.* at 4. Mr. Canales observes that his and Ms. Carr's claim arise out of "the same series of transactions or occurrences and a question of law or fact common to all of them arises in this action." *Id.* at 5.

Mr. Canales disputes Phoenix's contentions about witness inconvenience. *Id.* at 7. He observes that for the European-based witnesses, Maine is significantly closer than Arizona, and he questions whether the witnesses Phoenix listed are in fact central to its defense. *Id.* at 8-9. Regarding the location of documents, Mr. Canales contends that a number of relevant documents are actually in the state of

4

Maine and that Phoenix can easily transfer documents electronically to Maine as it previously had so transferred documents to Europe. *Id.* at 10-11.

Furthermore, he maintains that Maine does have an interest in this case because one of its citizens—Ms. Carr—has claimed discriminatory treatment in employment. *Id.* at 11. Mr. Canales then deflects Phoenix's cited case law as distinguishable, and asserts that if Phoenix believed venue in this District was not proper, it should have moved to transfer earlier in the litigation. *Id.* at 12-13.

Finally, he objects to Phoenix's suggestion that Mr. Canales would benefit from his case's transfer to Arizona, where he has no contacts, and notes that if his case were transferred, Phoenix would gain the advantage of litigating similar cases "in different District Courts at opposite ends of the country, making their pursuit of justice unaffordable for both of them." *Id.* at 13.

### 3. Phoenix's Reply

In reply, Phoenix argues that the Plaintiffs' opposition "wholly fails to refute the legal basis for Defendant's Motion to Transfer." *Def.'s Reply* at 1. It contends that although the Plaintiffs have demonstrated why Maine is more convenient for Ms. Carr, they failed to answer why Mr. Canales's case should not be transferred. *Id.* Phoenix notes that Ms. Carr's and Ms. Canales's employment with Phoenix overlapped only four months and disputes their utility as witnesses for each other's cases. *Id.* at 2-3. Because both their tenures and the facts underlying their separations from employment were different, Phoenix maintains that their claims are distinct and should not be tried together. *Id.* at 3-4. Phoenix lastly argues

5

against the Plaintiffs' view of the significance and accessibility of witnesses. *Id.* at 5-6.

## II. DISCUSSION

### A. General Principles

Under 28 U.S.C. § 1404(a), a district court is authorized to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009).

The United States Supreme Court has advised district courts when exercising § 1404(a) discretion to consider both "private concerns" and "public-interest factors." *Stewart*, 487 U.S. at 30. Private factors include "the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847 (3d ed. 2007). Public factors "encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local

interest in deciding local controversies at home, and the relative congestion of the courts." *Id.*

In the First Circuit, "[i]n addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). The burden of proving the propriety of a transfer lies with the party seeking it. *Id.*

### B. Potential Jurisdiction of the Transferee District

A preliminary question is whether the lawsuit could have been brought in the proposed transferee district. *Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960). Had he elected to do so, Mr. Canales could have brought suit in federal district court in Arizona, because Phoenix is incorporated under the laws of the state of Arizona and has a principle place of business in Phoenix. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides"); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated"). Here, Phoenix has met the essential jurisdictional prerequisite for transfer to Arizona.

### C. Convenience of the Parties and the Witnesses

The parties have markedly different views as to which witnesses will be essential for the trial of this case and whether Ms. Carr's and Mr. Canales's cases involve similar facts and present similar issues. Nevertheless, under either version, Ms. Carr and Mr. Canales are proceeding against the same Defendant under the

same theory of age discrimination, alleging that the same employees of the Defendant took similar actions against them during the same period of time in the same area of the Defendant's operations. For example, both Ms. Carr and Mr. Canales focus on Denny Bates, Phoenix's European Campus Director, and Carol Sommers, the Phoenix Director of Academic Affairs, as the main perpetrators of age discrimination. Even though Phoenix makes the somewhat oblique suggestion that maybe the Court should transfer Ms. Carr's case to Arizona, there is no motion to that effect and, as Ms. Carr is clearly a Maine resident and has a presumptive choice of her forum, there is no basis for doing so. This means that at least Ms. Carr's case will be heard in this Court.

If Mr. Bates and Ms. Sommers, as well as other witnesses, are likely to come to Maine from Europe to appear in Ms. Carr's case, it is difficult to understand how transferring Mr. Canales's case to Arizona would be more convenient for the parties and the witnesses. If Mr. Canales were left as the sole Plaintiff, the situation would be different but given the current status of the case, the Court finds that the convenience of the parties and the witnesses would be unquestionably enhanced with one trial of two Plaintiffs in Maine rather than two trials of single Plaintiffs in Maine and Arizona. The Court concludes that the convenience of the parties and witnesses factor strongly discourages transfer.

### D. Availability of Documents

Another factor the First Circuit directs district courts to evaluate is the availability of documents. *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st

8

Cir. 1987). However, as this Court once observed, this factor seems like a holdover from a time when businesses kept important records in paper form, and to physically access and transport paper documents could be onerous, *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 216 (D. Me. 2011), and as the Plaintiffs point out, although headquartered in Arizona, Phoenix has been engaged in international business and must have managed document transfers between its headquarters and its European operations. Although Phoenix argues that "to the extent [it] maintains documents in paper, rather than electronic form, convenience weighs in favor [of] transfer to the District of Arizona," *Def.'s Mot.* at 7, Phoenix does not actually describe the extent to which it actually maintains paper documents. The Court will not assume either that it does or that it does so on such a scale as affects venue. This factor is neutral.³

### E.   Additional Considerations

Traditionally, the plaintiff's choice of forum is a factor that weighs in favor of the plaintiff in evaluating a motion for transfer of venue. As the United States Supreme Court noted in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Id.* at 255; *see also Coady*, 223 F.3d at 11 ("there is a strong presumption in favor of the plaintiff's choice of forum").

---

³ The First Circuit also instructs district courts to consider the possibility of consolidation and the order in which the district court obtained jurisdiction as factors in its transfer analysis. *Coady*, 223 F.3d at 11. These factors assume that there are two separate actions. Here, the Plaintiffs elected to join their causes of action in one complaint presumably pursuant to Rule 20. *See* FED. R. CIV. P. 20(a). Therefore, neither factor is applicable.

However, as Phoenix points out, Mr. Canales is a resident of either Texas or California and has not alleged a direct relationship to the state of Maine. As such, "the lower federal courts have routinely given less weight to a foreign plaintiff's choice of forum." *Piper Aircraft*, 454 U.S. at 256; *Multibene*, 658 F. Supp. 2d at 254. Nevertheless, less weight does not mean no weight. "[I]f a foreign plaintiff can make a strong showing of convenience with respect to its chosen forum, its decision may be entitled to deference." *Multibene*, 658 F. Supp. 2d at 254; *see Talarico v. Marathon Shoe Co.*, No. CIV 00-239-P-C, 2001 WL 366346, at 6 (D. Me. April 12, 2001) ("Plaintiff's choice of forum is entitled to deference even when the plaintiff is not a resident of this state"); *Ashmore v. Northeast Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 39 (D. Me. 1996) ("This circuit has not established the rule, as some other circuits have, that when plaintiffs sue in a forum that is not their residence, their choice of venue is entitled to only minimal consideration"). Here, Mr. Canales has made such a "strong showing of convenience" because, as the Court discussed earlier, it is manifestly more convenient to hold one trial in one district on similar facts than to hold two trials in two districts.

Although Phoenix relies heavily upon the *Multibene* decision in this District, the Court views *Multibene* as distinct. In *Multibene*, the plaintiff was a Finnish corporation with a principle place of business in Finland and the defendant a Wisconsin corporation with a principle place of business in Wisconsin. 658 F. Supp. 2d at 252. The foreign plaintiff had "no significant ties to Maine" and all of the defendant's witnesses and documents were located in the Midwest. *Id.* at 252-54.

10

In transferring the case to Wisconsin, the *Multibene* Court noted that the "Plaintiff has failed to show that the state of Maine has any interest in the outcome of this litigation." *Id.* at 255.

In contrast, here the state of Maine has an undoubted interest in the outcome of the Carr litigation because she is a Maine resident. As the convenience factors weigh heavily in favor of one trial in one District and the Plaintiffs have chosen the District of Maine for that trial, the Court finds that Phoenix has not overcome the strong presumption favoring the Plaintiffs' choice of venue and thus has not met its burden of demonstrating that transfer is appropriate.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1404(a), the Court concludes that a transfer of venue from the District of Maine to the District of Arizona would not be for the convenience of the parties and in the interest of justice. The Court DENIES the University of Phoenix's Motion to Transfer Venue (ECF No. 47).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2012